# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MAVIDEA TECHNOLOGY GROUP, LLC )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMIE WARMBIR; CHARLOTTE, )<br>WARMBIR; WARMBIR IT )<br>SOLUTIONS, LLC, an Illinois limited )<br>liability company; )<br>Defendants. ) | Case No.: 1:20-CV-1139<br>(Jury Demanded) |

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE OF COURT TO PROPOUND EARLY WRITTEN DISCOVERY AND DOCUMENT REQUESTS, TAKE DEPOSITIONS, AND ISSUE SUBPOENAS FOR PURPOSES OF INJUNCTIVE RELIEF REMEDY**

**NOW COMES** the Plaintiff, MAVIDIA TECHNOLOGY GROUP, LLC by and through its attorneys, BARTELL POWELL LLP, and hereby moves the Court to allow it to propound early written discovery and document requests, take depositions, and issue subpoenas for the purpose of injunctive relief remedy pursuant to Rule 26.2 of the Central District of Illinois and Fed.R.Civ.P.26(d)(1), and in support of same, states as follows:

1. Plaintiff filed this action on April 3, 2020. See copy of Plaintiff's Complaint attached and incorporated as Group Exhibit "A."

2. Defendants' counsel, A. Christopher Cox of Cox & Fulk, LLC has entered his appearance on April 22, 2020. The Defendants' response to Plaintiff's Complaint is due on or before June 2, 2020 in this case.

3. Count V of Plaintiff's Complaint alleges a breach of the Illinois Trade Secrets Act and seeks, among other remedies, a preliminary and permanent injunction preventing Defendants from continuing to violate the Illinois Trade Secrets Act.

1

4. As stated in Count V of Plaintiff's Complaint, Defendant's have taken away three employees from Plaintiff and have caused nine clients to cancel their contracts with Plaintiff.

5. Fed.R.Civ.P.26(d)(1) states that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…except by court order.

6. Further, pursuant to Fed.R.Civ.P.30(a)(2)(A)(iii), Plaintiff would be required to obtain leave of Court pursuant to Rule 26 prior to taking depositions.

7. Rule 26.2 of the Central District of Illinois says that Fed.R.Civ.P.26 controls the initial stages of discovery/disclosure in this court in all cases filed on or after January 1, 1994 with the exception of the categories of proceedings specified in Fed.R.Civ.P.26(a)(1)(B). These categories are construed to include the following:……(e) Cases exempted by the presiding judge on a case by case basis.

8. Fed.R.Civ.P.26(f) states:

(f) CONFERENCE OF THE PARTIES; PLANNING FOR DISCOVERY.

(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

9. Fed.R.Civ.P.16(b) states that:

(b) SCHEDULING.

(1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:

(A) after receiving the parties' report under Rule 26(f); or

(B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

(2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

10. Accordingly, as Defendants' deadline to file a responsive pleading is May 3, 2020, if the Court does not grant Plaintiff's Motion, the Scheduling Order pursuant to Fed.R.Civ.P.16(b) is due to be issued on or about June 22, 2020 and the discovery conference pursuant to Fed.R.Civ.P.26(f) would be due on or before June 1, 2020.

11. As a result, Plaintiff will have to wait at least until as long as June 1, 2020 to issue written discovery, take depositions, and issue subpoenas, thus allowing Defendants to continue to cause further harm into early July 2020 or beyond while Plaintiff is forced to await Defendants' written discovery and document compliance, third parties' compliance with subpoenas for documents, and is restrained from deposing individuals with key information regarding Plaintiff's claims from injunctive relief, including Defendants, Plaintiff's former employees, and several of Plaintiff's former clients.

12. Further, while Fed.R.Civ.P.26(d)(2)(A) allows for early Rule 34 Requests to produce documents more than 21 days after the summons and complaint are served on a party, Fed.R.Civ.P.34(b)(2)(A) does not require Defendants to respond sooner than within 30 days after the first Rule 26(f) conference, which could be delayed as long as June 1, 2020. Accordingly, as these responses would not be due until July 1, 2020, Defendants would have ample time to cause further harm to Plaintiff.

13. It is necessary for Plaintiff to immediately engage in written discovery, take the depositions of the Defendants, Plaintiff's former employees who were taken by Defendants, and several of Plaintiff's former clients, and issue subpoenas in order to prevent further harm and to maintain the status quo.

14. Federal case law in Illinois provides that Rule 26(d) allows for discovery before the parties have conferred, as required by Rule 26(f). Further, a court has wide discretion in

managing the discovery process. Ibarra v City of Chicago, 816 F.Supp.2d 541, 554, 555 (N.D.Ill. 2011).

15. The Ibarra Court reasoned that courts within the Seventh Circuit, as well as many other district courts, have evaluated a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances. Ibarra, at 554.

16. Further, when applying the "reasonableness" standard, factors a Court may consider include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Id, at 554.

17. In the present case, Plaintiff's Motion seeks to allow Plaintiff to obtain information **specifically aimed at preserving its remedies regarding preliminary and permanent injunctive relief** in order to avoid any further harm and to preserve the status quo.

18. Also, Plaintiff's proposed written interrogatories, document requests, subpoenas, and deposition questions that are sought pursuant to this Motion will be sufficiently narrow in scope to accomplish this objective.

19. Further, the information sought will not create a large burden on the Defendants.

WHEREFORE, the Plaintiff, MAVIDIA TECHNOLOGY GROUP, LLC respectfully requests that this Honorable Court enter an Order as follows:

(A) Grant Plaintiff's Emergency Motion for Leave of Court to Propound Early Written Discovery and Document Requests, Take Depositions, and Issue Subpoenas for Purposes of its Injunctive Relief Remedy;

(B) Give Plaintiff, MAVIDIA TECHNOLOGY GROUP, LLC, the immediate authority to propound interrogatories and document requests, issue subpoenas, and take depositions of the Defendants, Plaintiff's former employees that were taken by Defendant, and Plaintiff's former clients who were taken by Defendants;

(C) Order that Defendants respond to Plaintiff's interrogatories and document requests within thirty (30) days of service of these interrogatories and document requests; and

(D) Grant other relief that the Court deems reasonable and just.

    Respectfully submitted,
    MAVIDIA TECHNOLOGY GROUP, LLC

By:    /S/ Michael A. Powell
      BARTELL POWELL LLP

Jason S. Bartell# 6255602
Michael A. Powell #06257615
10 E. Main Street
Champaign, IL 61820
Phone: 217-352-5900
Fax:    217-352-0182
Email:  jbartell@bartellpowell.com
Email:  mpowell@bartellpowell.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 23, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys:

Mr. A. Christopher Cox
Cox & Fulk, LLC
202 N. Center
Bloomington, IL 61701
christophercox@coxandassoc.com

                              /S/ Michael A. Powell