UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MAVIDEA TECHNOLOGY GROUP, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| vs | ) ) | Case No. 1:20-CV-1139 |
| JAMIE WARMBIR; CHARLOTTE WARMBIR; WARMBIR IT SOLUTIONS, LLC, an Illinois limited liability company; | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR LEAVE OF COURT TO PROPOUND EARLY WRITTEN DISCOVERY AND DOCUMENT REQUESTS, TAKE DEPOSITIONS, AND ISSUE SUBPOENAS FOR PURPOSES OF INJUNCTIVE RELIEF REMEDY**

NOW COME the Defendants, JAMIE WARMBIR; CHARLOTTE WARMBIR and WARMBIR IT SOLUTIONS, LLC, by and through their attorneys, Cox & Fulk, LLC, and for their Response to Plaintiff's Emergency Motion for Leave of Court to Propound Early Written Discovery and Document Requests, Take Depositions, and Issue Subpoenas for Purposes of Injunctive Relief Remedy, states as follows:

1. Plaintiff, Mavidea Technology Group, LLC ("Plaintiff") has filed the instant Motion for Leave of Court to Propound Early Written Discovery and Document Requests, Take Depositions, and Issue Subpoenas for Purposes of Injunctive Relief Remedy ("Plaintiff's Motion"). Defendants, Jamie Warmbir, Charlotte Warmbir and Warmbir IT Solutions, LLC (collectively "Defendants") object to Plaintiff's request as Plaintiff has not shown that the expedited discovery it seeks is reasonable in light of the record and surrounding circumstances.

2. Defendants' response to Plaintiff's Complaint is due on or before June 2, 2020.

1

3. Although Plaintiff titles its Motion as an emergency motion, Plaintiff's conduct to date undercuts that emergency designation. In Plaintiff's Complaint, Plaintiff alleges that Jamie Warmbir terminated his status as manager with Plaintiff on February 10, 2020 and within approximately one week Jamie Warmbir and Charlotte Warmbir had started Warmbir IT Solutions, LLC at which time Defendants immediately began committing the conduct which formed the basis of the instant lawsuit. (Plaintiff's Complaint, ¶39-44). Despite this, Plaintiff did not file Plaintiff's Complaint until April 3, 2020. The delay in the time between Jamie Warmbir's resignation as manager with Plaintiff and the filing of Plaintiff's lawsuit suggests that there is no true emergency in this case.

4. Rule 26(d) allows for discovery before the parties have conferred, as required by Rule 26(f), when authorized by a court order. *Ibarra v. City of Chicago*, 816 F. Supp.2d 541, 554 (N.D. 2011) citing Fed.R.Civ.P.26(d)(1). A showing of good cause is required to justify an expedited discovery order. *Id.*

5. District courts within the Seventh Circuit evaluate a motion for expedited discovery "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id*. In applying the "reasonableness" standard, factors a Court may consider include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.*

6. When examining Plaintiff's Motion in light of the "reasonableness" factors identified by the *Ibarra* Court, it is clear that Plaintiff has not provided sufficient information to demonstrate that Plaintiff's request for expedited discovery is reasonable.

7. First, although Plaintiff has requested injunctive relief in Count V of Plaintiff's Complaint, Plaintiff has not yet filed a motion for preliminary injunction and there is no hearing pertaining to a preliminary injunction currently scheduled.

8. Plaintiff's stated purpose in requesting the expedited discovery is to obtain information specifically aimed at preserving its remedies regarding preliminary and permanent injunctive relief in order to avoid any further harm and to preserve the status quo (Plaintiff's Motion at Pg. 4, ¶17).

9. Furthermore, Plaintiff also asserts in its Motion that the written interrogatories, document requests, subpoenas and deposition questions Plaintiff's seeks to propound on an expedited basis will be sufficiently narrow to accomplish this objective. (Plaintiff's Motion at Pg. 4, ¶18)

10. The limited record before the Court casts doubt on Plaintiff's stated purpose for expedited discovery. Plaintiff has already alleged in its Complaint that eight of its former clients have terminated their relationship with it. Plaintiff has not identified what specific additional information it believes it needs to obtain from either Defendants or these third parties before requesting a hearing for injunctive relief or to avoid any further alleged harm being committed against it.

11. Moreover, Plaintiff has not provided either Defendants or this Court with copies of Plaintiff's proposed written interrogatories, document requests, subpoenas or deposition questions. Nor has Plaintiff provided this Court or the Defendants with a list of the parties that Plaintiff seeks to subpoena or depose.

12. Unlike in this case, the *Ibarra* Court had the benefit of reviewing the written interrogatories and document request the plaintiff in *Ibarra* sought to propound on an expedited

basis. *Ibarra v. City of Chicago*, 816 F. Supp.2d at 554. Without first being provided this information, this Court cannot evaluate whether the discovery requests that Plaintiff seeks to propound are: (1.) overly broad; (2.) narrowly tailored to pertain to Plaintiff's stated injunctive relief remedy as opposed to one of the other six counts of Plaintiff's Complaint; or, (3.) would pose an excessive burden on Defendants.

13. The burden on Defendants, as well as the unidentified third-parties whom Plaintiff indicates a desire to subpoena or otherwise depose, is particularly noteworthy in light of the current COVID-19 pandemic and existing "Shelter-in-Place Order" in effect in the State of Illinois. These conditions pose challenges that will increase the burden on both Defendants and any third-party respondents in complying with discovery in ways that are difficult to predict. Plaintiff's proposed expedited discovery would require compliance within the time period in which the "Shelter-in-Place Order" is in effect.

14. Lastly, as demonstrated by his Motion, Plaintiff is seeking to accelerate the discovery process by approximately thirty days. Based on Plaintiff's allegations and the timing of the filing of his Complaint, Plaintiff delayed waited approximately that long before filing his Compliant. This fifth factor, therefore, does not argue in favor of granting Plaintiff's requested relief.

15. Accordingly, Defendants object to Plaintiff's Motion for expedited discovery and request that it be denied. In the event, however, that this Court permits Plaintiff to conduct some amount of discovery on an expedited basis, Defendants respectfully request the right to conduct the same amount and types of discovery that this Court authorizes Plaintiff to conduct on an expedited basis.

WHEREFORE**,** Defendants, JAMIE WARMBIR; CHARLOTTE WARMBIR and

WARMBIR IT SOLUTIONS, LLC, pray that this Honorable Court enter an Order denying Plaintiff's Emergency Motion for Leave of Court to Propound Early Written Discovery and Document Requests, Take Depositions, and Issue Subpoenas for Purposes of Injunctive Relief Remedy and for other relief that the Court deems reasonable and just.

        JAMIE WARMBIR, CHARLOTTE WARMBIR, WARMBIR IT SOLUTIONS, LLC, Defendants

        /s/ A. Christopher Cox_____

A. Christopher Cox
ARDC# 6296142
Cox & Fulk, LLC
202 North Center Street
Bloomington, IL 61701
(309) 828-7331
christophercox@cxflegal.com