**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| MAVIDEA TECHNOLOGY GROUP, LLC | ) ) | |
|        Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 1:20-CV-1139 (Jury Demanded) |
| JAMIE WARMBIR; CHARLOTTE, WARMBIR; WARMBIR IT SOLUTIONS, LLC, an Illinois limited liability company; | ) ) ) ) | |
|        Defendants. | ) | |

**AGREED PROTECTIVE ORDER
REGARDING BUSINESS RECORDS OF THE PARTIES**

THIS CAUSE coming on to be heard by agreement of the parties for entry of an Agreed Order of Protection of the Business Records (the "Protective Order") of MAVIDEA TECHNOLOGY GROUP, LLC, JAMIE WARMBIR, CHARLOTTE WARMBIR and WARMBIR IT SOLUTIONS, LLC (hereinafter collectively "Parties" and each individually a "Party"), due notice being given and the Court being fully advised in the premises:

IT IS HEREBY ORDERED:

A.	This Protective Order shall apply to all business records of the Parties, and all information contained in the business records of the Parties, that are produced, provided or disclosed by the Parties or their attorneys (hereinafter "Business Records") in this matter. For all purposes of this Protective Order, the term "Business Records" shall mean all books, records, ledgers, tangible data, disks, tapes, other media-storing data and files or other similar information whether in hardcopy or computer format and whether stored in network facilities or otherwise, in each case to the extent used or held for use primarily in the operation or conduct of the business, including any advertising, promotional and media materials, training materials, trade show materials and videos, engineering information, manuals and data, including databases for reference designs, safety data sheets, product datasheets, sales and purchase correspondence, including price lists, lists of present and former customers, information concerning customer contacts, purchasing history and invoices, technical characteristics and other information reasonably required for ongoing customer relationships, lists of present and former suppliers or vendors, mailing lists, warranty information, catalogs, sales promotion literature, advertising materials, brochures, bids, records of operation, accounting and financial records, personnel and employment records, standard forms of documents, manuals of operations or business procedures, designs, research materials and product testing reports, but excluding portions of such items to the extent any applicable Law prohibits the transfer of such information.

B. The Parties shall not be required to label or otherwise designate any Business Records produced or disclosed as "Business Records" in order to have the material fall under the protections of this Protective Order.

C. The Parties may use any Business Records disclosed by any other Party pursuant to this Protective Order solely in connection with the prosecution of the Parties' claims in this matter. The Parties are prohibited from disclosing any Business Records to any person or entity other than: (1.) the Parties' attorneys, (2.) the Parties' controlled expert witnesses, and (3.) the other parties to this litigation without first obtaining authorization of the Court for that disclosure.

D. Any additional person or entity to whom the Court authorized the disclosure of Business Records, shall state his or her consent in writing to be bound by the terms of this Protective Order.

E. Any Business Records filed with this Court, shall be filed under seal. Any Business Records which is quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix, or other judicial filing shall be submitted under seal. Disclosure of any portion of the transcript of a deposition which reflects or contains Business Records shall be subject to the terms of this Protective Order, and if a transcript is filed with the court it shall also be filed under seal.

F. If Business Records are used during the course of depositions, trial or during the course of any other hearing, the Business Records shall not lose their protected status through such use, and Parties and their counsel shall exercise their best efforts and take all steps reasonably required to protect the Business Records' confidentiality during such use and regarding any subsequent transcription of the proceedings.

G. Nothing herein shall be (i) construed to affect in any manner the admissibility at trial or hearing of any document, testimony or other evidence; (ii) construed to affect the manner of the Court's use of Business Records; or (iii) construed as a waiver of any applicable privilege or right to confidentiality for any other purpose or use.

H. Whether in the course of normal production or as a "quick peek production", inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing within a reasonable period of time from the discovery of the inadvertent production ("Clawback" request). If such notification and Clawback request is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the

resolution by the court of the motion below. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefore the fact or circumstance of the inadvertent production.

    I.    Upon the conclusion of the instant lawsuit and any future consolidated lawsuits, all Business Records and any and all copies thereof shall be returned within thirty (30) days to the original producing party, provided however that the parties' counsel may retain their respective attorney work product even though it may contain Business Records, but such retained work product shall remain subject to the terms of this Protective Order. Any person or entity having custody or control of recordings, notes, memoranda, summaries or other writings, data, or tangible materials, and all copies thereof, relating to the Business Records shall deliver to the producing party's counsel an affidavit certifying that all such Business Records any and call copies thereof, and any and all recording, notes, memoranda, summaries or other wiring or tangible materials regarding the Business Records (except for attorney work product as stated above), have been destroyed or delivered in accordance with the term of this Protective Order.

    J.    In the event of a proven violation of this Protective Order, the offending party or person understands that it may, in the discretion of the Court, suffer the imposition of such sanctions as the Court deems appropriate.

    K.    This Protective Order may only be amended or modified by written agreement of the parties hereto, or by Order of this Court.

DATED: _____June 23\_\_, 2020.

ENTER: \_\_\_s/ Jonathan E. Hawley_____
                JUDGE

Approved:    /s/ A. Christopher Cox
                Attorney for Defendants

                /s/ Jason Bartell\_\_\_

                /s/ Michael Powell\_\_
                Attorneys for Plaintiff