UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MAVIDEA TECHNOLOGY GROUP, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.    1:20-CV-1139 |
| ) | |
| JAMIE WARMBIR; CHARLOTTE WARMBIR; WARMBIR IT SOLUTIONS, LLC, an Illinois limited liability company; ) | JURY TRIAL REQUESTED |
| ) | |
| Defendants. ) | |

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

NOW COMES the Plaintiff, MAVIDEA TECHNOLOGY GROUP, LLC ("Mavidea"), by and through its attorneys, BARTELL POWELL LLP, submit this motion, pursuant to Rule 45(e)(1) of the Federal Rules of Civil Procedure, to compel non-party subpoena recipient JEFFREY SHELTON to produce electronically stored information relevant to this action that Jeffrey Shelton refuses to provide and claims that he is protected from disclosing by Illinois state statute.

1) On May 14, 2020, Mavidea served on Jeffrey Shelton a subpoena (attached hereto as Exhibit "A") requesting, among other items, production of correspondence containing communications "to, from and between [Jeffrey Shelton], [his] spouse and/or friends on [his] behalf, and Jamie Warmbir, Charlotte Warmbir or any other person on behalf of Warmbir IT Solutions, LLC from May 1, 2019 to present.".

2) On June 17, 2020, Jeffrey Shelton acknowledged receipt of the subpoena and indicated to Mavidea that he would not be producing any correspondence from electronic messaging applications (such as LinkedIn, Facebook Messenger, or other text messages). Mr. Shelton's refusal was made under the belief that his status as an employee at Mavidea shielded him from an obligation to disclose this information pursuant to the Illinois Right to Privacy in the Workplace Act, 820 ILCS 55/10(b)(1)(A) (the "Act"). The text of this subsection reads:

> Except as provided in this subsection, it shall be unlawful for any employer or prospective employer to. . . request, require, or coerce any employee or prospective employee to provide a user name and password or any password or other related account information in order to gain access to the employee's or prospective employee's personal online account or to demand access in any manner to an employee's or prospective employee's personal online account. . . .

820 ILCS 55/10(b)(1)(A). The relevant exception to the above provision is as follows:

> Nothing in this subsection shall prohibit an employer from. . . requesting or requiring an employee or applicant to share specific content that has been reported to the employer, without requesting or requiring an employee or applicant to provide a user name and password, password, or other means of authentication that provides access to an employee's or applicant's personal online account, for the purpose of. . . investigating an allegation, based on receipt of specific information, of the unauthorized transfer of an employer's proprietary or confidential information or financial data to an employee or applicant's personal account. . . .

820 ILCS 55/10(b)(3)(C)(ii).

3) The electronically stored information that Jeffrey Shelton has refused to provide is relevant and important to the instant action against Jamie Warmbir. The underlying suit alleges wrongdoing which includes "allegation[s], based on receipt of specific information, of the unauthorized transfer of an employer's proprietary or confidential information or financial data. . . ." Id. Mr. Shelton was formerly supervised by Mr. Warmbir while Mr. Warmbir served as a Manager for the Plaintiff. While all of the employees that Mr. Warmbir supervised had already left Mavidea to work for the Defendant, Mr. Shelton is the sole employee that did not leave until

his recent retirement. As such, he had access to Mavidea's intellectual property that Mr. Warmbir misappropriated.

4) Phone records received in the discovery process indicate that Mr. Shelton was having frequent, lengthy discussions with Mr. Warmbir after normal work hours while Mr. Warmbir was actively attempting to misappropriate Mavidea's intellectual property. Email correspondence shows that Mr. Shelton was coordinating information transfers and giving access to information on the Plaintiff's servers to Mr. Warmbir after Mr. Warmbir had already started a competing company. It is more than reasonable that the Plaintiff would seek information from Mr. Shelton's messaging applications to determine who requested the transfers, what information was being transferred, and the context the transfers took place.

5) Furthermore, Mr. Shelton is no longer an employee for the Plaintiff and the Act no longer applies to him.

6) Additionally, the Illinois Right to Privacy in the Workplace Act is a state law that does not have the ability to limit the scope of a federal subpoena.

7) Plaintiff's counsel made a good faith effort to resolve the instant dispute outside of court. These efforts did not bring the dispute to any sort of meaningful resolution.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an order compelling non-party Jeffrey Shelton to provide full and complete responses to the Subpoena attached hereto as Exhibit A

Dated: July 13, 2020										Respectfully submitted,

											BARTELL POWELL LLP

											/s/ Jason S. Bartell
											Jason S. Bartell
											Attorneys for Plaintiff

											10 E. Main St.
											Champaign, IL 61820
											(217)352-5900
											Email: jbartell@bartellpowell.com

CERTIFICATE OF SERVICE

      I hereby certify that on July 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys:

A. Christopher Cox
Cox & Fulk, LLC
2020 N. Center
Bloomington, IL 61701

      I have caused the foregoing pleading to be mailed on this 13th day of July, 2020 by depositing the same in a U.S. Mail receptacle in Champaign, Illinois to the following non-CM/ECF participants:

Mr. Jeffrey Shelton
18 Donna Drive
Normal, IL  61761

                                                /s/ Jason S. Bartell