UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **MAVIDEA TECHNOLOGY GROUP, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.    1:20-CV-1139 |
| | ) | |
| **JAMIE WARMBIR; CHARLOTTE WARMBIR; WARMBIR IT SOLUTIONS, LLC, an Illinois limited liability company;** | ) ) ) ) | **JURY TRIAL REQUESTED** |
| | ) | |
| **Defendants.** | ) | |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, MAVIDEA TECHNOLOGY CROUP, LLC, an Illinois limited liability company ("Plaintiff" or "Mavidea"), respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 for a temporary restraining order and a preliminary injunction against JAMIE WARMBIR, individually, CHARLOTTE WARMBIR, individually, and WARMBIR IT SOLUTIONS, LLC, ("Warmbir IT").  This Motion for Temporary Restraining Order and Preliminary Injunction is based on the Plaintiff's Verified Amended Complaint, the accompanying Memorandum of Law, and the Declaration of Jake Davis with exhibits attached thereto.  We request that the Court immediately issue a Temporary Restraining Order on an emergency basis based on the pleadings filed herein.  An emergency exists because:

1) Defendants fervor in attempting to take Plaintiff's clients has increased during the pendency of this lawsuit, with Plaintiff learning that two additional clients are attempting to terminate their contract in the past week,

2) through third-party subpoenas, the Plaintiff has learned the Defendants are attempting to get clients by 1) falsely claiming that the partners threw him out while in fact he had resigned, 2) claiming that Mavidea would not be able to service their accounts due to their taking all of the employees that had serviced their account, 3) claiming that Mavidea's software (that was chosen by Mr. Warmbir while at Mavidea) were more likely to cause security threats on their computer systems, 4) claiming that proposed contracts with Warmbir IT are better than the customers' prior contract with Mavidea due to Mr. Warmbir's inside knowledge on their prior pricing and other contract terms, and 5) claiming that they are receiving enhanced features that they did not receive with Mavidea (again, due to the software chosen by Mr. Warmbir at both organizations and not implemented at Mavidea in breach of his fiduciary duty while at Mavidea).

Thus, without the immediate issuance of a temporary restraining order, the Plaintiff will suffer a heightened level of irreparable harm.

Plaintiff requests this Court set a Preliminary Injunction hearing as soon as practicably possible, but in event, before any temporary restraining order would expire.

Plaintiff requests that this Court enter a temporary restraining order and preliminary injunction that include the following restrictions:

1) The Defendants shall not be permitted to provide computer IT services to any customer that was a customer of Mavidea's IT Department on February 14, 2020.

2) The Defendants shall not be permitted to provide computer IT services to prospective customers that he was actively trying to acquire while at Mavidea in the year previous to his departure on February 14, 2020.

3) The Defendants shall not be permitted to utilize the services of the IT Department that he managed while at Mavidea, namely Eric Even, Matthew Reichert, Elizabeth Fornero, Michael Cluney, Chris Boyer, and Jeffrey Shelton.

4) A constructive trust shall be implemented for any funds received for work performed on behalf of clients listed in paragraphs 1) and 2) above. Such funds shall be placed in the trust account of the Defendants' attorney until a further order of the Court.

5) The Defendants shall return any and all intangible property of Plaintiff's to Plaintiff's attorney within seven (7) days of this Order and shall destroy any remaining copies, electronic or otherwise.

6) The Defendant shall transfer the phone numbers that he took from Mavidea on February 14, 2020 back to Mavidea.

7) Any other relief the Court deems appropriate in the premises.

Dated this 12th day of August, 2020.

    Respectfully Submitted,

    Bartell Powell LLP

    /s/ Jason S. Bartell
    Jason S. Bartell, a partner of the firm

    ATTORNEYS FOR THE PLAINTIFF

Jason Bartell, ARDC# 6255602
Bartell Powell LLP
10 East Main Street
Champaign, IL  61820
(217) 352-5900
Facsimile (217) 352-0182
Email: jbartell@bartellpowell.com

Michael Powell, ARDC# 6257615
Bartell Powell LLP
207 West Jefferson St. Ste. 602
Bloomington, IL  61701
(309)807-5275
Facsimile (309)807-5015
Email: mpowell@bartellpowell.com

CERTIFICATE OF SERVICE

      I hereby certify that on August 12, 2020, I electronically filed the foregoing Emergency Motion for Temporary Restraining Order and Preliminary Injunction with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys:

A. Christopher Cox
Cox & Fulk, LLC
2020 N. Center
Bloomington, IL 61701

                                                       /s/ Jason S. Bartell