## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MAVIDEA TECHNOLOGY GROUP, LLC | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No.: 1:20-CV-1139 |
| JAMIE WARMBIR; CHARLOTTE , WARMBIR; WARMBIR IT SOLUTIONS, LLC, an Illinois limited liability company; | ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT, CHARLOTTE WARMBIR'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL FRCP RULE 33 INTERROGATORIES

NOW COMES the Defendant, CHARLOTTE WARMBIR, by and through her attorneys,

Cox & Fulk, LLC, and for her response to Plaintiff, MAVIDEA TECHNOLOGY GROUP, LLC's

Supplemental FRCP Rule 33 Interrogatories, states as follows:

INTERROGATORY NO. 1:  State the name of the Defendant answering and, if different, give the full name and address of the individual signed the Answers.

**RESPONSE: Charlotte Warmbir**
　　　　　**Mrs. Warmbir may be reached through her attorneys.**

INTERROGATORY NO. 2:  Identify all persons who you interviewed or tested for a job with Warmbir IT Solutions, LLC, even if it was prior to Warmbir IT Solutions, LLC's legal existence.

**RESPONSE: I have not interviewed or tested any person for a job with Warmbir IT Solutions, LLC.**

INTERROGATORY NO. 3:  Identify all persons known to you, or your attorneys who have knowledge directly or indirectly, of any facts relevant to any issue and allegation contained in Plaintiff's Amended Complaint.  This interrogatory includes a request for every person having knowledge of any discoverable matter that might reasonably be calculated to lead to the discovery of admissible evidence.

**RESPONSE: Objection, this interrogatory is vague, overly broad, unduly burdensome, calls for the discovery of irrelevant information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections, I have had numerous general conversations with family and friends regarding the allegations of Plaintiff's Amended**

**Complaint and the instant litigation in general. I do not recall the details of these oral informal conversations. Further answering, the following individuals may have knowledge relevant to Plaintiff's Amended Complaint:**

**1. Jamie Warmbir**
   **Mr. Warmbir may be contacted through his attorneys.**

It is anticipated that Defendant, Jamie Warmbir will testify in his individual capacity and also as representative of Warmbir IT Solutions, LLC. It is anticipated that Mr. Warmbir will testify concerning his background, education and professional employment. Mr. Warmbir may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Warmbir has knowledge of, and may testify regarding, the operations of Plaintiff, Mavidea Technology Group, LLC ("Plaintiff"), including its members, managers, and business activities. Mr. Warmbir will testify regarding his experiences in the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Warmbir is expected to testify that during his time as Manager of Plaintiff, Plaintiff utilized industry standard techniques when working with its IT clients.

Mr. Warmbir has knowledge of, and may testify regarding. the operations of Defendant, Warmbir IT Solutions, LLC, including its organization, members, managers, and business activities. Mr. Warmbir will testify regarding his experiences and activities working at Warmbir IT Solutions, LLC, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Warmbir will testify regarding when he contacted Warmbir IT Solutions, LLC's customers and employees.

**2. Charlotte Warmbir**
   **Mrs. Warmbir may be contacted through her attorneys.**

It is anticipated that Defendant, Charlotte Warmbir will testify in her individual capacity and also as representative of Warmbir IT Solutions, LLC. It is anticipated that Mrs. Warmbir will testify concerning her background, education and professional employment. Mrs. Warmbir may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mrs. Warmbir has knowledge of, and may testify regarding, the operations of Plaintiff, including its members, managers, and business activities.

Mrs. Warmbir has knowledge of, and may testify regarding. the operations of Defendant, Warmbir IT Solutions, LLC, including its organization, members, managers, and business activities. Mrs. Warmbir will testify regarding her experiences and activities working at Warmbir IT Solutions, LLC, including but not limited to its customers, employees, methods of operation, vendors and techniques used.

**3. Erik Barnlund**
   **112 Mallard Way**
   **Hudson, IL 61748**

It is anticipated that Erik Barnlund will testify in his individual capacity and also as Manager of Plaintiff. It is anticipated that Mr. Barnlund will testify concerning his background, education and professional employment. Mr. Barnlund may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Barnlund has knowledge of, and may testify regarding, the operations of Plaintiff, including its members, managers, and business activities. Mr. Barnlund will testify regarding his knowledge of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Barnlund is expected to testify regarding his knowledge of the IT Department of Plaintiff following the resignation of Jamie Warmbir, including but not limited to its customers, employees, methods of operation, vendors and techniques used.

**4. Jake Davis**
   **110 Doe Dr.**
   **Downs, IL 61736**

It is anticipated that Jake Davis will testify in his individual capacity and also as Manager of Plaintiff. It is anticipated that Mr. Davis will testify concerning his background, education and professional employment. Mr. Davis may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Davis has knowledge of, and may testify regarding, the operations of Plaintiff, including its members, managers, and business activities. Mr. Davis will testify regarding his knowledge of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Davis is expected to testify regarding his knowledge of the IT Department of Plaintiff following the resignation of Jamie Warmbir, including but not limited to its customers, employees, methods of operation, vendors and techniques used.

**5. Arnold Lovin**
   **36590 E 900 N**
   **Saybrook, IL 61770**

It is anticipated that Arnold Lovin will testify in his individual capacity and also as Manager of Plaintiff. It is anticipated that Mr. Lovin will testify concerning his background, education and professional employment. Mr. Lovin may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Lovin has knowledge of, and may testify regarding, the operations of Plaintiff, including its members, managers, and business activities. Mr. Lovin will testify regarding his knowledge of the

IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Lovin is expected to testify regarding his knowledge of the IT Department of Plaintiff following the resignation of Jamie Warmbir, including but not limited to its customers, employees, methods of operation, vendors and techniques used.

**6. Mike Somers**
   **12613 E. 2300 N. Rd.**
   **Hudson, IL 61748**

It is anticipated that Mike Somers will testify in his individual capacity and also as Manager of Plaintiff. It is anticipated that Mr. Somers will testify concerning his background, education and professional employment. Mr. Somers may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Somers has knowledge of, and may testify regarding, the operations of Plaintiff, including its members, managers, and business activities. Mr. Somers will testify regarding his knowledge of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Somers is expected to testify regarding his knowledge of the IT Department of Plaintiff following the resignation of Jamie Warmbir, including but not limited to its customers, employees, methods of operation, vendors and techniques used.

**7. Susie Vigil House**
   **611 S. Clinton Street**
   **Bloomington, IL 61701**

It is anticipated that Susie Vigil House will testify in her individual capacity. It is anticipated that Mrs. House will testify concerning her background, education and professional employment. Mrs. House may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mrs. House has knowledge of, and may testify regarding, her employment with and the operations of Plaintiff, including its members, managers, and business activities. Mrs. House may testify regarding her knowledge of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mrs. House may testify regarding her knowledge of the IT Department of Plaintiff following the resignation of Jamie Warmbir, including but not limited to its customers, employees, methods of operation, vendors and techniques used.

**8. Chris Boyer**
   **168 N. Cone St.**
   **Farmington, IL 61531**

It is anticipated that Chris Boyer will testify in his individual capacity. It is anticipated that Mr. Boyer will testify concerning his background, education and professional employment. Mr. Boyer

may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Boyer has knowledge of, and may testify regarding, the operations of Plaintiff, Mavidea Technology Group, LLC ("Plaintiff"), including its members, managers, and business activities. Mr. Boyer will testify regarding his experiences as an employee of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Boyer is expected to testify that during his time as an employee of Plaintiff, Plaintiff utilized industry standard techniques when working with its IT clients.

Mr. Boyer has knowledge of, and may testify regarding. the operations of Defendant, Warmbir IT Solutions, LLC, including its organization, members, managers, and business activities. Mr. Boyer will testify regarding his experiences and activities working at Warmbir IT Solutions, LLC, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Boyer will testify regarding the facts surrounding his termination of employment with Plaintiff and commencement of employment with Warmbir IT Solutions, LLC.

### 9. Eric Even
#### 911 Apple St.
#### Normal, Il 61761

It is anticipated that Eric Even will testify in his individual capacity. It is anticipated that Mr. Even will testify concerning his background, education and professional employment. Mr. Even may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Even has knowledge of, and may testify regarding, the operations of Plaintiff, Mavidea Technology Group, LLC ("Plaintiff"), including its members, managers, and business activities. Mr. Even will testify regarding his experiences as an employee of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Even is expected to testify that during his time as an employee of Plaintiff, Plaintiff utilized industry standard techniques when working with its IT clients.

Mr. Even has knowledge of, and may testify regarding. the operations of Defendant, Warmbir IT Solutions, LLC, including its organization, members, managers, and business activities. Mr. Even will testify regarding his experiences and activities working at Warmbir IT Solutions, LLC, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Even will testify regarding the facts surrounding his termination of employment with Plaintiff and commencement of employment with Warmbir IT Solutions, LLC.

### 10. Jeff Shelton
#### 18 Donna Drive
#### Normal IL 61761

It is anticipated that Jeff Shelton will testify in his individual capacity. It is anticipated that Mr. Shelton will testify concerning his background, education and professional employment. Mr.

Shelton may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Shelton has knowledge of, and may testify regarding, the operations of Plaintiff, Mavidea Technology Group, LLC ("Plaintiff"), including its members, managers, and business activities. Mr. Shelton will testify regarding his experiences as an employee of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Shelton is expected to testify that during his time as an employee of Plaintiff, Plaintiff utilized industry standard techniques when working with its IT clients.

Mr. Shelton has knowledge of, and may testify regarding. the operations of Defendant, Warmbir IT Solutions, LLC, including its organization, members, managers, and business activities. Mr. Shelton will testify regarding his experiences and activities working at Warmbir IT Solutions, LLC, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Shelton will testify regarding the facts surrounding his termination of employment with Plaintiff and commencement of employment with Warmbir IT Solutions, LLC.

**10. Matthew Reichert**
   **911 Apple St.**
   **Normal, IL 61761**

It is anticipated that Matthew Reichert will testify in his individual capacity.  It is anticipated that Mr. Reichert will testify concerning his background, education and professional employment. Mr. Reichert may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Reichert has knowledge of, and may testify regarding, the operations of Plaintiff, Mavidea Technology Group, LLC ("Plaintiff"), including its members, managers, and business activities. Mr. Reichert will testify regarding his experiences as an employee of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Reichert is expected to testify that during his time as an employee of Plaintiff, Plaintiff utilized industry standard techniques when working with its IT clients.

Mr. Reichert has knowledge of, and may testify regarding. the operations of Defendant, Warmbir IT Solutions, LLC, including its organization, members, managers, and business activities. Mr. Reichert will testify regarding his experiences and activities working at Warmbir IT Solutions, LLC, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Reichert will testify regarding the facts surrounding his termination of employment with Plaintiff and commencement of employment with Warmbir IT Solutions, LLC.

**11. Michael Cluney**
   **511 Green Briar Drive**
   **Normal, Il 61761**

It is anticipated that Michael Cluney will testify in his individual capacity.  It is anticipated that Mr. Cluney will testify concerning his background, education and professional employment. Mr.

Cluney may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mr. Cluney has knowledge of, and may testify regarding, the operations of Plaintiff, Mavidea Technology Group, LLC ("Plaintiff"), including its members, managers, and business activities. Mr. Cluney will testify regarding his experiences as an employee of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Cluney is expected to testify that during his time as an employee of Plaintiff, Plaintiff utilized industry standard techniques when working with its IT clients.

Mr. Cluney has knowledge of, and may testify regarding. the operations of Defendant, Warmbir IT Solutions, LLC, including its organization, members, managers, and business activities. Mr. Cluney will testify regarding his experiences and activities working at Warmbir IT Solutions, LLC, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mr. Cluney will testify regarding the facts surrounding his termination of employment with Plaintiff and commencement of employment with Warmbir IT Solutions, LLC.

12. **Elizabeth Fornero**
    **306 N. Blair Drive,**
    **Normal, Il 61761**

It is anticipated that Elizabeth Fornero will testify in her individual capacity.  It is anticipated that Mrs. Fornero will testify concerning her background, education and professional employment. Mrs. Fornero may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mrs. Fornero has knowledge of, and may testify regarding, the operations of Plaintiff, Mavidea Technology Group, LLC ("Plaintiff"), including its members, managers, and business activities. Mrs. Fornero will testify regarding her experiences as an employee of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mrs. Fornero is expected to testify that during her time as an employee of Plaintiff, Plaintiff utilized industry standard techniques when working with its IT clients.

Mrs. Fornero has knowledge of and may testify regarding. the operations of Defendant, Warmbir IT Solutions, LLC, including its organization, members, managers, and business activities. Mrs. Fornero will testify regarding her experiences and activities working at Warmbir IT Solutions, LLC, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mrs. Fornero will testify regarding the facts surrounding her termination of employment with Plaintiff and commencement of employment with Warmbir IT Solutions, LLC.

13. **Dr. Dennis Brtva**
    **2109 N. Veterans Parkway**
    **Bloomington, IL 61704**

It is anticipated that this witness will testify in his individual capacity.  It is anticipated that witness will testify concerning his background, education and professional employment. This witness may

testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship his company has with Plaintiff including but not limited to any services provided by Plaintiff to his company and any contractual relationships between his company and the Plaintiff. This witness may testify regarding any interactions he had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

**14. Seth Zeller**
   **7 Legacy Drive, Suite 2**
   **Goodfield, Il 61742**

It is anticipated that this witness will testify in his individual capacity. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship he has with Plaintiff including but not limited to any services provided by Plaintiff to him and any contractual relationships between himself and the Plaintiff. This witness may testify regarding any interactions he had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

**15. Dr. Gregory Dietz**
   **314 Susan Drive,**
   **Normal, Il 61761**

It is anticipated that this witness will testify in his individual capacity and as representative of Children's Center for Dentistry, PLLC. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Children's Center for Dentistry, PLLC has with Plaintiff including but not limited to any services provided by Plaintiff to Children's Center for Dentistry, PLLC and any contractual relationships between Children's Center for Dentistry, PLLC and the Plaintiff.

This witness will testify regarding any professional relationship Children's Center for Dentistry, PLLC has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Children's Center for Dentistry, PLLC and any contractual relationships between Children's Center for Dentistry, PLLC and Warmbir IT Solutions, LLC.

8

**16. Dr. Jess Bruin**
   **2710 E. Lincoln St.,**
   **Bloomington, IL 61704**

It is anticipated that this witness will testify in her individual capacity and as representative of Eastland Lifestyle Center. It is anticipated that witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Eastland Lifestyle Center has with Plaintiff including but not limited to any services provided by Plaintiff to Eastland Lifestyle Center and any contractual relationships between Eastland Lifestyle Center and the Plaintiff.

This witness will testify regarding any professional relationship Eastland Lifestyle Center has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Eastland Lifestyle Center and any contractual relationships between Eastland Lifestyle Center and Warmbir IT Solutions, LLC.

**17. Kayla Veeder**
   **14129 Carole Dr.**
   **Bloomington, IL 61705**

It is anticipated that this witness will testify in her individual capacity and as representative of Illinois Corn Growers Association. It is anticipated that witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Illinois Corn Growers Association has with Plaintiff including but not limited to any services provided by Plaintiff to Livingston County Chiropractic and any contractual relationships between Illinois Corn Growers Association and the Plaintiff.

This witness will testify regarding any professional relationship Illinois Corn Growers Association has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Illinois Corn Growers Association and any contractual relationships between Illinois Corn Growers Association and Warmbir IT Solutions, LLC.

**18. Nic Rohr**
   **400 N. Oak St.**
   **Chebanese, IL 60922**

It is anticipated that this witness will testify in his individual capacity and as representative of

Ken's Truck Repair. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Ken's Truck Repair has with Plaintiff including but not limited to any services provided by Plaintiff to Ken's Truck Repair and any contractual relationships between Ken's Truck Repair and the Plaintiff.

This witness will testify regarding any professional relationship Ken's Truck Repair has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Ken's Truck Repair and any contractual relationships between Ken's Truck Repair and Warmbir IT Solutions, LLC.

**19. Dr. Kim Kidner**
   **402 N. Plum St.**
   **Pontiac, IL 61764**

It is anticipated that this witness will testify in her individual capacity and as representative of Livingston County Chiropractic. It is anticipated that witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Livingston County Chiropractic has with Plaintiff including but not limited to any services provided by Plaintiff to Livingston County Chiropractic and any contractual relationships between Livingston County Chiropractic and the Plaintiff.

This witness will testify regarding any professional relationship Livingston County Chiropractic has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Livingston County Chiropractic and any contractual relationships between Livingston County Chiropractic and Warmbir IT Solutions, LLC.

**20. Tami Foley**
   **1301 W. Washington**
   **Bloomington, IL 61701**

It is anticipated that this witness may testify in her individual capacity and as representative of Mid Central Community. It is anticipated that witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Mid Central Community has with

Plaintiff including but not limited to any services provided by Plaintiff to Mid Central Community and any contractual relationships between Mid Central Community and the Plaintiff.

This witness will testify regarding any professional relationship Mid Central Community has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Mid Central Community and any contractual relationships between Mid Central Community and Warmbir IT Solutions, LLC.

**21. Mary Shores**
   **2009 Round Barn Rd.**
   **Champaign, IL 61821**

It is anticipated that this witness will testify in her individual capacity. It is anticipated that witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship she has with Plaintiff including but not limited to any services provided by Plaintiff to her and any contractual relationships between herself and the Plaintiff. This witness may testify regarding any interactions she had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

**22. Dave Neisler**
   **2702 Country Road 800 North**
   **El Paso, IL 61638**

It is anticipated that this witness will testify in his individual capacity. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship his company has with Plaintiff including but not limited to any services provided by Plaintiff to his company and any contractual relationships between his company and the Plaintiff. This witness may testify regarding any interactions he had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

**23. Mryna Simpson**
   **502 E. Front St.**
   **Bloomington, IL 61701**

It is anticipated that this witness will testify in her individual capacity and as representative of Wesley United Methodist Church. It is anticipated that witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Wesley United Methodist Church has with Plaintiff including but not limited to any services provided by Plaintiff to Wesley United Methodist Church and any contractual relationships between Wesley United Methodist Church and the Plaintiff.

This witness will testify regarding any professional relationship Wesley United Methodist Church has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Wesley United Methodist Church and any contractual relationships between Wesley United Methodist Church and Warmbir IT Solutions, LLC.

**24. Michelle Klatt**
**360 Wylie Dr.**
**Normal, IL 61761**

It is anticipated that this witness will testify in her individual capacity and as representative of Youth Build McLean County. It is anticipated that witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Youth Build McLean County has with Plaintiff including but not limited to any services provided by Plaintiff to Youth Build McLean County and any contractual relationships between Youth Build McLean County and the Plaintiff.

This witness will testify regarding any professional relationship Youth Build McLean County has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Youth Build McLean County and any contractual relationships between Youth Build McLean County and Warmbir IT Solutions, LLC.

**25. Jamie Durdel**
**21310 State Route 9**
**Tremont, IL 61568**

It is anticipated that this witness will testify in his individual capacity. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship his company has with Plaintiff including but not limited to any services provided by Plaintiff to his company and any contractual relationships between his company and the Plaintiff. This witness may testify regarding any interactions he had with any Defendant, either before or after Jamie Warmbir's resignation as

Manager of Plaintiff.

**26. Kimmy Mascari**

It is anticipated that Kimmy Mascari will testify in her individual capacity. It is anticipated that Mrs. Mascari will testify concerning her background, education and professional employment. Mrs. House may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

Mrs. Mascari has knowledge of, and may testify regarding, her employment with and the operations of Plaintiff, including its members, managers, and business activities. Mrs. Mascari may testify regarding her knowledge of the IT Department of Plaintiff, including but not limited to its customers, employees, methods of operation, vendors and techniques used. Mrs. Mascari may testify regarding her knowledge of the IT Department of Plaintiff following the resignation of Jamie Warmbir, including but not limited to its customers, employees, methods of operation, vendors and techniques used.

**27. Jeremy Adams**

It is anticipated that this witness will testify in his individual capacity. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter. This witness may testify regarding any interactions he has had with Jamie Warmbir and/or Kimmy Mascari regarding Warmbir IT Solutions, LLC.

**28. Ed Martin**
    **2441 South Main St., Suite A**
    **Bloomington, IL 61704**

It is anticipated that this witness will testify in his individual capacity. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship he has with Plaintiff including but not limited to any services provided by Plaintiff to him and any contractual relationships between himself and the Plaintiff. This witness may testify regarding any interactions he had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

**29. Marty Conatser, American Legion Bloomington**
    **2720 E. Lincoln St.,**
    **Bloomington, IL 61704**

It is anticipated that this witness will testify in her individual capacity. It is anticipated that this

witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship the American Legion Bloomington has with Plaintiff including but not limited to any services provided by Plaintiff to it and any contractual relationships between American Legion Bloomington and the Plaintiff. This witness may testify regarding any interactions she had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

**30. Dan Epstein**
   **Champaign Surplus**
   **101 E. Mercury Drive,**
   **Champaign, Il 61822**

It is anticipated that this witness will testify in his individual capacity. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship his company has with Plaintiff including but not limited to any services provided by Plaintiff to his company and any contractual relationships between his company and the Plaintiff. This witness may testify regarding any interactions he had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

**32. Greg Cassidy**
   **21310 State Rout 9,**
   **Tremont, IL 61568**

It is anticipated that this witness will testify in his individual capacity and as representative of Tazwell County Resources Center. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship Tazwell County Resources Center has with Plaintiff including but not limited to any services provided by Plaintiff to Tazwell County Resources Center and any contractual relationships between Tazwell County Resources Center and the Plaintiff.

This witness will testify regarding any professional relationship Tazwell County Resources Center has with Warmbir IT Solutions, LLC including but not limited to, the commencement of any such relationship, any services provided by Warmbir IT Solutions, LLC to Tazwell County Resources Center and any contractual relationships between Tazwell County Resources Center and Warmbir IT Solutions, LLC.

### 33. Roxie Olivero
   **Midstate Collection Solutions**
   **PO Box 3292**
   **Champaign, Il, 61826.**

It is anticipated that this witness will testify in her individual capacity. It is anticipated that witness will testify concerning her background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness will testify regarding any professional relationship her company has with Plaintiff including but not limited to any services provided by Plaintiff to her company and any contractual relationships between her company and the Plaintiff. This witness may testify regarding any interactions she had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

### 34. Bill Taylor
   **TruMethods**

It is anticipated that this witness will testify in his individual capacity. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness may testify regarding any professional relationship his company has with Plaintiff including but not limited to any services provided by his company to Plaintiff and any contractual relationships between his company and the Plaintiff. This witness may testify regarding any professional relationship his company has with Warmbir IT Solutions, LLC including but not limited to any services provided by his company to Warmbir IT Solutions, LLC and any contractual relationships between his company and Warmbir IT Solutions, LLC. This witness may testify regarding any interactions he had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

### 35. Blair Halverson
   **Pax8**

It is anticipated that this witness will testify in his individual capacity. It is anticipated that witness will testify concerning his background, education and professional employment. This witness may testify regarding any and all facts, allegations and other matters described in Plaintiff's Amended Complaint at Law or any other pleading filed by any party to this matter.

This witness may testify regarding any professional relationship his company has with Plaintiff

including but not limited to any services provided by his company to Plaintiff and any contractual relationships between his company and the Plaintiff. This witness may testify regarding any professional relationship his company has with Warmbir IT Solutions, LLC including but not limited to any services provided by his company to Warmbir IT Solutions, LLC and any contractual relationships between his company and Warmbir IT Solutions, LLC. This witness may testify regarding any interactions he had with any Defendant, either before or after Jamie Warmbir's resignation as Manager of Plaintiff.

**Defendant, Charlotte Warmbir has not yet identified expert witnesses which they may call to testify. Defendant, Charlotte Warmbir expressly reserves the right to disclose expert witnesses at any time based upon those disclosures provided by the other parties to this litigation as well as any other discovery which becomes available between now and at the time of trial. Defendant, Charlotte Warmbir further reserve the right to disclose expert witnesses in accordance with a court order governing same.**

**Investigation continues.**

INTERROGATORY NO. 4: With regard to any witness you may call as fact or expert witnesses, either through live testimony or by deposition, please identify the witness and/or expert, and for each such expert, state the subject matter on which the expert is expected to testify; a summary of the facts, opinions, and mental impressions to which the expert may testify; the basis, hypothesis, tests, experiments, calculation or formulas on which the expert's opinions are based; and identify each test, experiment or report done, attempted, undertaken, written, or completed by such expert.

**RESPONSE: See Defendant's Answer to Interrogatory No. 3 herein.**

INTERROGATORY NO. 5: Identify the name, address, and occupation of each expert used for consultation who is not expected to be called as a witness at trial (either through live or deposition testimony) if the expert's work product forms a basis, either in whole or in part of an expert identified in Interrogatory No. 4 or if any expert named in answer to Interrogatory No. 4 has received documents from or talked to any consulting expert.

**Note:** If any expert who may testify has <u>reviewed</u> any reports, calculations, or documents generated by a consulting expert, or talked to any consulting expert, please identify the consulting expert.

**RESPONSE: Objection, this interrogatory seeks information that is not subject to discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(D) absent a showing of exceptional circumstances which has not been made in this matter. Subject to and notwithstanding said objection, none at this time. Defendants reserve the rights to identify and disclose expert witnesses at any time based upon those disclosures provided by the other parties to this litigation as well as any other discovery which becomes available between now and at the time of trial. Defendants, Jamie Warmbir and Warmbir IT Solutions, LLC further reserve the right to disclose expert witnesses in accordance with a court order governing same.**

<u>INTERROGATORY NO. 6:</u> If any documents relevant to any aspect of or issue contained in

Plaintiff's Amended Complaint have been lost, misplaced, or destroyed, please identify fully each such document and describe how it was lost, misplaced, or destroyed.

**RESPONSE: Objection, this interrogatory is vague, overly broad, unduly burdensome, calls for the discovery of irrelevant information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections, to the best of Charlotte Warmbir's knowledge at this time, no documents relevant to any issue in Plaintiff's Amended Complaint have been lost or destroyed. Further answering, to the best of Charlotte Warmbir's knowledge at this time, certain Whatsapp discussions between Jamie Warmbir and Jeff Shelton were inadvertently deleted. These discussions occurred between late April of 2020 through mid-July of 2020. Likewise, certain text messages to Jamie Warmbir's phone for the period of time between approximately March of 2020 and approximately May 1, 2020 were inadvertently not saved. Charlotte Warmbir does not believe the aforementioned texts or Whatsapp messages contained relevant information. Investigation continues.**

INTERROGATORY NO. 7:  If you have entered into any alliances or agreements (verbal and/or written) with any party to this lawsuit or with any other person relating to any matter regarding indemnity, liability, payment of defense costs, payment of attorneys' fees, the prosecution or defense of this lawsuit or any related lawsuits, including but not limited to, discovery tactics, trial tactics, voir dire examination, and/or sharing of factual information, state the terms of the agreement and identify all of the parts to the agreement.

This interrogatory does not seek any information regarding the agreements between you and your attorneys.

**RESPONSE: None other than agreements between the defendants in this matter and our attorneys.**

INTERROGATORY NO. 8:  State with specificity, for each and every client of Plaintiff, what information that Jamie Warmbir used from data information belonging to Plaintiff and Plaintiff's customers concerning or relating to contract pricing, contract terms, and client needs and processes to entice customers to leave Plaintiff as a customer and contract with him and/or Warmbir IT Solutions, LLC, based on information that Jamie Warmbir claims to have in memory form his employment with Plaintiff.

**RESPONSE:  Objection, this interrogatory is vague as to the term "entice", overly broad, unduly burdensome, calls for the discovery of irrelevent information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections, to the best of Charlotte Warmbir's knowledge at this time, Jamie Warmbir recalled the general terms of the contracts between Plaintiff and the former clients of Plaintiff who became clients of Warmbir IT Solutions, LLC. Jamie Warmbir did not use this information to entice customers to leave Plaintiff and contract with him or Warmbir IT Solutions, LLC.**

INTERROGATORY NO. 9:  State each and every client of Plaintiff, and dates thereof, prior to, at or following the time of Jamie Warmbir's termination of employment with Plaintiff, that was either

contacted by Jamie Warmbir or someone else on behalf of Jamie Warmbir and/or Warmbir IT Solutions, LLC, to invite them to a meeting or breakfast, lunch or dinner to discuss (1) his resignation from Mavidea and/or (2) to entice them to leave Plaintiff as a customer and to contract with him or his new company.

**RESPONSE: Objection, this interrogatory is vague, overly broad, unduly burdensome, calls for the discovery of irrelevant information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections, Jamie Warmbir met with Dr. Brtva on March 2, 2020 for an eye appointment. At that time, my understanding is that they scheduled a breakfast meeting on March 6, 2020. No contract terms were offered at that time.**

INTERROGATORY NO. 10: For all clients listed in response to Interrogatory No. 10, above, please state the date Plaintiff's client was contacted, the person contacted at Plaintiff's client's business, or individual for an individual client, and what new contract terms were offered, including but not limited to, contract price and length of contract.

**RESPONSE: See Answer to Interrogatory No. 9 herein.**

INTERROGATORY NO. 11: State each and every potential client of Plaintiff listed on Plaintiff's potential client list, prior to , at the time of, or following Jamie Warmbir's resignation of employment with Plaintiff, that was contacted by Jamie Warmbir or someone else at Jamie Warmbir's request, and the terms of the contract offered by them on behalf of Jamie Warmbir and/or his new company for each specific term of contract and services offered (that entail the same services that are offered by Plaintiff).

**RESPONSE: Objection, this interrogatory is vague as to the term "entice", overly broad, unduly burdensome, calls for the discovery of irrelevant information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections, Jamie Warmbir does not know the identity of each and every potential client listed on Plaintiff's potential client list, prior to, at the time of, or following Jamie Warmbir's resignation of employment with Plaintiff. Following the posting of a LinkedIn announcement regarding the formation of Warmbir IT Solutions, LLC, Jamie Warmbir was contacted by Ed Martin. Jamie Warmbir subsequently held a meeting with Ed Martin on March 2, 2020. Warmbir IT Solutions, LLC offered a service package at a cost of $3,780 for a term of one year or a three year term for a price of $3,402.00 per year.**

INTERROGATORY NO. 12: State all forms of marketing, campaigns, e-mail communications, phone book or internet business listings, business cards, and all other forms and means of connecting current and potential clients to Warmbir IT Solutions, LLC, and list all phone numbers used in for all forms of these communications to current and potential customers/clients of Warmbir IT Solutions.

**RESPONSE: Warmbir It Solutions utilizes business cards, Facebook, Linkedin, and internet websites. Phone numbers utilized by Warmbir IT Solutions include the following: (309)590-3516.**

**INTERROGATORY NO. 13:** Has anyone agreed to indemnify you for any judgment that ay be rendered against you in this matter or agreed to pay any settlement monies you may have to pay to settle the claims that Plaintiffs have brought against you?

**RESPONSE: No.**

**INTERROGATORY NO. 14:** Identify the percentage of ownership/membership/shares of Mavidea Technology Group, LLC that Jamie Warmbir and any other person held both prior to Jamie Warmbir's termination of employment with Mavidea Technology Group, LLC, as well as currently.

**RESPONSE: Objection, this interrogatory is vague, overly broad, unduly burdensome, calls for the discovery of irrelevant information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections, see page 21 of Exhibit A to Plaintiff's Verified Complaint for a list of the members of Plaintiff as of the date of Jamie Warmbir's resignation as Manager of Plaintiff. To the best of Jamie Warmbir's knowledge at this time, the members of Plaintiff have not changed following Jamie Warmbir's resignation as Manager of Plaintiff.**

**INTERROGATORY NO. 15:** Identify each and every means by which Jamie Warmbir, and everyone on Jamie Warmbir's behalf, communicated with each and every employee of Mavidea following Jamie Warmbir's termination of employment with Mavidea, both orally and in some written fashion, including all data communications and program, by specific name and/or program, including but not limited to Jeffrey Shelton, Christopher Boyer, Elizabeth Fornero, Eric Even, Matthew Reichert and Michael Cluney.

**RESPONSE: Objection, this interrogatory is vague, overly broad, unduly burdensome, calls for the discovery of irrelevant information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections, to the best of Charlotte Warmbir's knowledge at this time, Jamie Warmbir and everyone on Jamie Warmbir's behalf, communicated with employees of Mavidea orally, and through the use of telephones, text messages, email, LinkedIn and WhatsApp. Investigation continues.**

**INTERROGATORY NO.16:** List all dates of employment and salaries, bonus schedules, profit sharing, 401(k)s or similar retirement account offerings, and other financial arrangements on behalf of Warmbir IT Solutions, LLC, or any other entity or business with Jamie Warmbir's involvement, with the following persons since Jamie Warmbir's termination of employment with Mavidea:

    (A) Jeffrey Shelton;
    (B) Christopher Boyer:
    (C) Elizabeth Fornero;
    (D) Eric Even;
    (E) Matthew Reichert;
    (F) Michael Cluney; and

(G) Any and all other hired employees by Jamie Warmbir and/or Warmbir IT Solutions, LLC between 2/14/19 to the present.

**RESPONSE: Objection, this interrogatory is vague, overly broad, unduly burdensome, calls for the discovery of irrelevant information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections:**

    **A. Jeffrey Shelton began employment with Warmbir IT Solutions, LLC on July 20, 2020. His annual salary is $72,000.**
    **B. Chris Boyer began employment with Warmbir IT Solutions, LLC on April 9, 2020. His annual salary is $37,500.**
    **C. Eric Even began employment with Warmbir IT Solutions, LLC on March 16, 2020. His annual salary is $45,000.**
    **D. Elizabeth Fornero began employment with Warmbir IT Solutions, LLC on May 15, 2020. Her annual salary is $45,300.**
    **E. Matt Reichert began employment with Warmbir IT Solutions, LLC on May 4, 2020. His annual salary is $55,000.**
    **F. Michael Cluney began employment with Warmbir IT Solutions, LLC on March 16, 2020. His annual salary is $46,350.**

INTERROGATORY NO. 17: Identify/list each and every training manuals or procedures, sales brochures or manuals, operations manuals, and any and all other documentation provided to Warmbir IT Solutions, LLC employees from 2/14/20 to the present, and list the names of those individuals that received any or all of those materials/documents.

**RESPONSE: Objection, this interrogatory is vague, overly broad, unduly burdensome, calls for the discovery of irrelevant information and seeks a long narrative answer better suited to a deposition. Subject to and without waiving said objections, all employees of Warmbir IT Solutions, LLC are given access to the Standard Operating Procedures that are attached to Jamie Warmbir's Answers to Supplemental Interrogatories as Exhibit 21.**

INTERROGATORY NO. 18: Identify/list each and every person or company that Jamie Warmbir, or someone acting on behalf of Jamie Warmbir, or someone acting on behalf of Jamie Warmbir or Warmbir IT Solutions, LLC, that was told that Mavidea could no longer meat the client's IT or other needs since Jamie Warmbir and other Mavidea IT employees had left Mavidea's employment.

**RESPONSE: To the best of Charlotte Warmbir's recollection at this time, neither he nor anyone acting on his behalf told any person or company that Plaintiff could no longer meet that person or company's needs since he and other former employees of Plaintiff were no longer employed by Plaintiff. Investigation continues.**

INTERROGATORY NO. 19: Identify and list each contract term or employment reached with Jeffrey Shelton, Christopher Boyer, Elizabeth Fornero, Eric Even, Matthew Reichert and Michael Cluney, as well as any others, from 2/14/19 to the present. (you may also attach copies of the employment contracts and other benefits documentation for each employee).

**RESPONSE: See copies of contracts attached and benefits attached to Jamie Warmbir's Answers to Supplemental Interrogatories as Group Exhibit 23.**

INTERROGATORY NO. 20: State whom contacted Verizon, and the date thereof, to have the telephone number, referenced in Counts VIII and IX of Plaintiff's Amended Complaint, as well as in other sections of the Amended Complaint, transferred away from Mavidea's account to a different account, and name the new account said number was transferred to.

**RESPONSE: Jamie Warmbir contacted Verizon on February 14, 2020 and transferred the phone number referenced in Counts VIII and IX of Plaintiff's Amended. The phone number referenced was transferred to account 48934433400001.**

INTERROGATORY NO. 21: Please describe fully any and all investigations, examinations or interviews Jamie Warmbir; Charlotte Warmbir, or any other individual or entity on behalf of Jamie Warmbir or Warmbir IT Solutions, LLC made to determine whether or not Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC misappropriated, used or revealed any of Plaintiffs' trade secrets to entice any customer or potential customer away from Plaintiff that was on Plaintiff's Customer Lists that Jamie Warmbir obtained a copy of from Plaintiff.

**RESPONSE: Objection, this interrogatory is vague, overly broad, unduly burdensome, calls for the discovery of irrelevent information and seeks a long narartive answer better suited to a deposition and calls for information protected by attorney-client privilege. Subject to and without waiving said objections, other than discussions with my attorneys, none.**

INTERROGATORY NO. 22: State the following:

(a) Date that you and Jamie Warmbir (even if different dates for the both of you) started working on a business plan and model for Jamie to start a new company once he would leave the employment of Mavidea Technology Group, LLC; and
(b) Date that you decided you would assist Jamie Warmbir in the development and other business aspects of this new company.

**RESPONSE: To the best of my recollection at this time:**

   **(a). February 17, 2020;**
   **(b) February 17, 2020.**

**Investigation continues.**

INTERROGATORY NO. 23: State your position, as well as all prior positions, that you have had at Warmbir IT Solutions, LLC.

**RESPONSE: Chief Financial Officer**

                                        CHARLOTTE WARMBIR

By: /s/ A. Christopher Cox
COX & FULK, LLC

A. Chrisopher Cox
ARDC# 6296142
Cox & Fulk, LLC
202 N. Center
Bloomington, IL 61701
Phone: (309) 828-7331
Email: ChristopherCox@cfxlegal.com

## VERIFICATION

I, Charlotte Warmbir, verify under penalty of perjury that I have read the above Answers to Plaintiff's Supplemental FRCP Rule 33 Interrogatories and its contents. I also verify that, to the best of my knowledge and recollection at this time, the facts stated in the above Answers to Plaintiff's Supplemental FRCP Rule 33 Interrogatories are true and correct.

Executed this 8th day of September, 2020.

CHARLOTTE WARMBIR