IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MAVIDEA TECHNOLOGY GROUP, LLC )<br>        Plaintiff, )<br>)<br>  vs. )<br>)<br>JAMIE WARMBIR; CHARLOTTE WARMBIR; WARMBIR IT SOLUTIONS, LLC, an Illinois limited liability company; )<br>        Defendants. ) | Case No.: 1:20-CV-1139 |

**PLAINTIFF'S SUPPLEMENTAL FRCP RULE 34 REQUEST FOR PRODUCTION TO DEFENDANTS, JAMIE WARMBIR AND WARMBIR IT SOLUTIONS, LLC**

**DEFINITIONS**

1. As used herein, "you," "your," "yours" and "new company" shall refer to Jamie Warmbir, Warmbir IT Solutions, LLC, or anyone acting on behalf of Jamie Warmbir or Warmbir IT Solutions, LLC.

2. As used herein, "the lawsuit" shall mean the lawsuit entitled "Mavidea Technology Group, LLC vs. Jamie Warmbir; Charlotte Warmbir; Warmbir IT Solutions, LLC, an Illinois limited liability company" filed in the U.S. District Court, Central District of Illinois, Peoria Division

3. As used herein, the term "documents" is used in the broadest sense of that term and includes, in addition to the material specifically designated hereafter, **all electronically stored information (ESI)**, the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of computer data, letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms (whether of visits, telephone calls, or otherwise) indices, agreements, graphic representations, cancelled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matter (including electronic or magnetic recordings), photographs, e-mails or other data compilations in which information can be obtained, which are in the possession, custody, or control of "you," "your" attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

4. As used herein, "opposing attorney" shall mean **Jason Bartell and Michael Powell of Bartell Powell LLP**.

5. As used herein, "or" and "and" shall mean and/or.

6. As used herein, the singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

7. As used herein, "Plaintiff" shall mean Mavidea Technology Group, LLC and its Members and employees.

8. As used herein, "Defendants" shall mean Jamie Warmbir, Charlotte Warmbir and Warmbir IT Solutions, LLC and any of its employees.

9. As used herein, "your attorneys" shall mean the attorneys hired to represent you in or consult with you about this lawsuit or the facts giving rise to this lawsuit.

10. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

11. As used herein, "propounding party" shall mean Plaintiff's and its attorneys.

12. As used herein, "through the time of trial" shall mean from the number of years specified prior to the date this discovery was propounded through the time the parties in this lawsuit began conducting voir dire.

13. As used herein, "quality assurance" shall mean any and all efforts (including, but limited to, studies, tests, inspections, audits, examinations) and other activities conducted by or on behalf of you for the purpose of ascertaining whether or not food presentation, food preparation, customer service and your other operations are done safely, properly and conform to your mission statement, franchise agreement, objectives, policies, procedures and guidelines.

14. As used herein, "study" and "studies" shall mean any study made by or on behalf of you or any study made by some other person, firm, governmental entity, industry association or corporation including but not limited to, marketing analysis, focus groups, triads, diads, process and predictive analysis, tests, quality control analysis, interviews, mall intercepts, market research, surveys, questionnaires, attitude and usuage studies, awareness tracking, consumer interviews, segmentation studies, equity studies, corporate tracking, brand tracking, positioning studies, consumer pattern studies, mail surveys, AAUs, food studies, engineering analysis of hazards, (analysis of benefits, cost/benefit analysis, quality assurance analysis), development of policies and procedures, laboratory work, documentation of or summaries of any analysis, including similar situations.

15. As used herein, "test(s)" shall mean any tests made by or on behalf of you or tests made by some other person, firm, governmental entity, industry associations, or corporation, including but not limited to, experiments, static and dynamic tests, focus group testing, testing kitchens, copy testing, concepts testing, tasting tests, whether involving models or full-size components, computer simulated dynamic and static testing, computer assisted design, or computer animation.

16. As used herein "person" or "persons" means not only natural persons, but also corporations, partnerships, limited liabilty companies, organizations, associations, industry groups, entities, joint venturers, corporations, natural persons, or any government or governmental entity, commission or agency and any divisions or departments or other units of any of the entities defined herein.

17. As used herein, "the rules" shall mean the Illinois Supreme Court Rules and Illinois Rules of Civil Procedure.

18. As used herein, "computer data" shall mean any documents, information or data ever placed into or stored on any of your computers, including but not limited to the hard drive, lap tops, disks, storage systems, retrieval systems and similar systems, e-mails, Internet transmissions, electronic bulletin boards, diary systems, calendar systems, tickler systems, and any other programs.

19. As used herein, "trade secret" or "trade secrets" shall mean any confidential data, lists, compilations, systems, material or information relating to any aspect of the business or operations of Plaintiffs, including but not limited to, any secret or confidential information relating to the business, customers, trade or industrial practices, policies, procedures, guidelines, forms, checklists, blueprints, trade secrets, technologies, recipes, systems, methods, confidential proprietary business methods, know how and similar information.

20. As used herein, "contact" means any personal or written communication, whether verbal, written, telephonic, via computer, via the Internet or through the use of any other communications medium.

21. As used herein, "governmental entity" shall mean any governmental organization, including but not limited to, any international, federal, state, regional, county, parish, city (whether incorporated, unincorporated or home rule) elective body, appointed body, legislative body, board, commission, agency, department, division, subdivision, and any other department or division of any of the previously listed entities.

## INSTRUCTIONS

1. If any or all documents identified or requested herein are no longer in existence or no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document: (a) identify the document, and (b) state how and when it was destroyed, why it is no longer in your possession, or other reasons why it is no longer in your possessoin.

2. The definitions listed above are to be construed as broadly as possible to include the most information or documents responsive to the discovery requests propounded herein.

## INSTRUCTIONS REGARDING ANY ALLEGED AMBIGUITY

To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests. If you or your attorney claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

*** NOTE - PLAINTIFF HEREBY REQUESTS THAT ALL RESPONSES TO REQUEST FOR PROCUTION NUMBERS 1 – 15 CONCERNING ISSUES RELATED TO INJUNCTIVE RELIEF NOW BE FULLY RESPONDED TO WITH ALL DOCUMENTS TO BE PRODUCED PURSUANT TO SAME AS DEFENDANTS MADE OBJECTOINS BASED ON INFORMATION OUTSIDE OF COUNTS I & V OF ORIGINAL COMPLAINT, WITH THESE REQUESTS NOW BEING MADE ON ALL COUNTS OF PLAINTIFF'S AMENDED COMPLAINT.

Plaintiff does not seek any documents generated by your attorneys that relate to this lawsuit only.

REQUEST FOR PRODUCTION NO. 1: State the name of the Defendant responding to these Requests to Produce, and if different, give the full name and address of the individual signing the Affidavit of completeness to these Requests.
RESPONSE:

REQUEST FOR PRODUCTION NO. 2: Please produce all documents related to your allegation that Defendants do not owe Plaintiff any duty, fiduciary or otherwise, as alleged in Plaintiff's Amended Complaint.
RESPONSE:

REQUEST FOR PRODUCTION NO. 2: Please produce all contracts, letters, warnings, instructions, policies, procedures or other similar documents that you ever received from Mavidea Technology Group, LLC and/or its Members regarding keeping its trade secrets confidential.
RESPONSE:

REQUEST FOR PRODUCTION NO. 3:  Please produce all corresopdnence or communicatinos between all Mavidea Technology Group, LLC clietns prior to, at the time of, and following your resignation from Mavidea Technology Group, LLC requesting them to contact you about changing services for which it/they had contracted with Mavidea Technology Group, LLC.
RESPONSE:

REQUEST FOR PRODUCTION NO. 4: Please produce all correspondence or communications between you and/or on behalf of your new company and all clients and/or potential clients that you have reached out to asking for their business that you have offered to provide to them, including any and up to all of the same business needs that are provided by Mavidea Technology Group, LLC.
RESPONSE:

REQUEST FOR PRODUCTION NO. 5: Please produce all job descriptions, responsibilities, outlines of duties, checklists, goals, or other similar documents relating to any position with Mavidea Technology Group, LLC that you have ever reviewed or received.

RESPONSE:


REQUEST FOR PRODUCTION NO. 6: Please produce all job descriptions, responsibilities, outlines of duties, checklists, goals, or other similar documents relating to any position with Warmbir IT Solutions, LLC.

RESPONSE:


REQUEST FOR PRODUCTION NO. 7: Please produce any memoranda, notes, memos, budgets, or justifications, that you have ever reviewed or received regarding the reasons why you, Warmbir IT Solutions, LLC, or anyone on behalf of you or Warmbir IT Solutions, LLC hired any person formerly employed by Plaintiff as a salesperson, clerk, employee, assistant manager, manager or proprietor.

RESPONSE:


REQUEST FOR PRODUCTION NO. 8: Please produce all editions of the handbooks, standards, rules, regulations, policies and procedures used by Mavidea Technology Group, LLC regarding recruiting, interviewing, hiring, training, reviewing and evaluating individuals interviewing for employment with Mavidea Technology Group, LLC used or generated by Mavidea Technology Group, LLC or its employees or members that you ever reviewed or received.

RESPONSE:


REQUEST FOR PRODUCTION NO. 9: Please produce all editions of the handbooks, standards, rules, regulations, policies and procedures used by Jamie Warmbir, Warmbir IT Solutions, LLC, and/or anyone on behalf of Warmbir IT Solutions, LLC, regarding recruiting, interviewing, hiring, training, reviewing and evaluating individuals interviewing for employment with Jamie Warmbir, Warmbir IT Solutions, LLC.

RESPONSE:


REQUEST FOR PRODUCTION NO. 10: Produce any and all meterials, handbooks, pamphlets, etc., and include all of Jamie Warmbir's notes taken during or following all outside and/or IT Conferences, Trade Conferences, Seminars, Webinars, outside meetings or other training or consuling programs or industry educational forums from 2/14/17 through 2/14/17.

RESPONE:

REQUEST FOR PRODUCTION NO. 11: Please produce all reports, memos, notes, investigations, interviews, statements, tape recordings, video recordings, or any other documents you gave to anyone regarding any agreements you had with any of the Plaintiffs not to compete or any agreements not to reveal Plaintiffs' trade secrets.
RESPONSE:


REQUEST FOR PRODUCTION NO. 12: Please produce all contribution agreements, indemnity agreements, contracts, insurance agreements or any other documents pursuant to which they will indemnify you for any damages that the Plaintiff may recover by way of this lawsuit.
RESPONSE:


REQUEST FOR PRODUCTION NO. 13: Please produce all contribution agreements, indemnity agreements, contracts, insurance agreements or any other documents pursuant to which you will indemnify any clientelle or employees for any damages that the Plaintiff may recover by way of this lawsuit.
RESPONSE:


REQUEST FOR PRODUCTION NO. 14: Please produce the most current resume of every expert witness you may call to testify at hearing on Plaintiff's forthcoming Temporary and/or Permanent Injunctive Relief Petition.
RESPONSE:


REQUEST FOR PRODUCTION NO. 15: Please produce the most current resume of every expert used for consultation but is not expected to testify at hearing on Plaintiff's forthcoming Temporary and/or Permanent Injunctive Relief Petition (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may call to testify at hearing on Plaintiff's forthcoming Temporary and/or Permanent Injunctive Relief Petition through live or deposition testimony, or if any expert who may testify at hearing on Plaintiff's forthcoming Temporary and/or Permanent Injunctive Relief Petition has received any documents from or talked to any consulting expert.
RESPONSE:


REQUEST FOR PRODUCTION NO. 16: Please produce all documents including all tangible reports, maps, compilations of data or other materials sent to, reviewed by or prepared by every expert you may call to testify at hearing on Plaintiff's forthcoming Temporary and/or Permanent Injunctive Relief Petition or by live or deposition testimony which concerns any aspect of this Temporary and/or Permanent Injunctive Relief allegations contained in Plaintiff's Complaint.
RESPONSE:

REQUEST FOR PRODUCTION NO. 17: Please produce material provided to, reviewed by, generated by or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis either in whole or in part of the opinions of an expert who you may call to testify at hearing on Plaintiff's forthcoming Temporary and/or Permanent Injuctive Relief Petition through live or deposition testimony or if any testifying expert has received documents from or talked to any consulting expert. This Request includes all invoices, or bills generated by said experts.

RESPONSE:


REQUEST FOR PRODUCTION NO. 18: Please produce all forms of marketing, campaigns, e-mail communications, phone book or internet business listings, business cards, and all other forms and means of connecting current and potential clients to Warmbir IT Solutions, LLC, that include all phone numbers used in and for all forms of these communications to current and potential customers/clients of Warmbir IT Solutions.

RESPONSE:


REQUEST FOR PRODUCTION NO. 19: Please produce all documents evidencing the percentage of ownership/membership/shares of Mavidea Technology Group, LLC that Jamie Warner and any other person held both prior to Jamie Warmbir's termination of employment with Mavidea Technology Group, LLC, as well as currently.

RESPONSE:


REQUEST FOR PRODUCTION NO. 20: Please produce all forms of written communication with each and every employee of Mavidea following Jamie Warmbir's termination of employment with Mavidea, including all data communications and programs as requested in Supplemental Interrogatory No. 20, with and between Jeffrey Shelton, Christopher Boyer, Elizabeth Fornero, Eric Even, Matthew Reichert and Michael Cluney, and list in your response if any of these existed but have since been deleted or removed.

RESPONSE:


REQUEST FOR PRODUCTION NO. 21: Please produce all documents between Jamie Wwarmbir, Warmbir IT Solutions, LLC, or anyone else acting on the behalf of Jamie Warmbir, and Verizon and/or Verizon Wireless or any other telecommunication company evidencing a request for, or the actual transfer of, the telephone number, referenced in Counts VIII and IX of Plaintiff's Amended Complaint, as well as in other sections of the Amended Complaint, transferred away from Mavidea's account to a different account.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22:  It is further requested that each party and/or his or their attorney in compliance with this Request for Production shall furnish an affidavit stating whether the production is complete in accordance with this Request as provided in the Federal Rules of Civil Procedure.

                Respectfully submitted,
                BARTELL POWELL LLP

                /s/ Michael A. Powell
                Michael A. Powell, a partner of the firm
                ATTORNEYS FOR THE PLAINTIFF

Jason S. Bartell# 6255602
Michael A. Powell #06257615
10 E. Main Street
Champaign, IL 61820
Phone: 217-352-5900
Fax:    217-352-0182
Primary Email:  jbartell@bartellpowell.com
Primary Email: mpowell@bartellpowell.com
Secondary Email: kwoolridge@bartellpowell.com

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF _____ )


      Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.


                                                                                                   _____
                                                                                                   JAMIE WARMBIR


Subscribed and sworn to before me this _____ day of _____, 2020.

      (SEAL)


                                                                                           _____
                                                                                                      Notary Public