E-FILED
Wednesday, 07 October, 2020  02:52:44 PM
Clerk, U.S. District Court, ILCD



JASON S. BARTELL*
MICHAEL A. POWELL **
FRANK A. JANELLO **
JACOB P. SMITH

**BARTELL POWELL**
LLP | ATTORNEYS AT LAW

<u>REPLY TO:</u>
BLOOMINGTON ADDRESS

* ALSO LICENSED IN INDIANA
** ALSO LICENSED IN MISSOURI

May 14, 2020

Mr. Jeffrey Shelton
18 Donna Drive
Normal, IL  61761

RE:     *Mavidea Technology Group, LLC vs. Jamie Warmbir, Charlotte Warmbir, Warmbir IT Solutions,
LLC, an Illinois Limited Liability Company*
Court No.:     1:20-CV-1139/Central District of Illinois, Peoria Division
<u>Our File No.</u>:   BP-811001

Dear Mr. Shelton:

Enclosed please find a Subpoena for Discovery Documents requesting any and all documents
listed on Attachment A to said Subpoena relating in any way to all parties of this lawsuit.

Please also find a check for the subpoena fee of $40.00.  Please make legible copies of the
original records and forward them to us prior to the date scheduled.  **IF IT IS MORE CONVENIENT,
YOU MAY MAIL THE ORIGINAL RECORDS TO US AND THEY WILL BE PROMTPLY
COPIES AND RETURNED.**

**Please inform us in advance if it is anticipated that the cost of producing these records will
exceed $100.00.  If possible, please produce records in an electronic format such as a CD or other
electronic method.**

Thank you for your anticipated cooperation in this matter.  If you should have any questions,
please contact the undersigned.

Very truly yours,

BARTELL POWELL LLP

Michael A. Powell

MAP:kw
Enclosures

S:\History\BP\Mavidea.Warmbir-811001\Mavidea v. Warmbir, et al.-811001\corres\Jeffrey.Shelton.Subp.Ltr.051420.kw.docx

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MAVIDEA TECHNOLOGY GROUP,     )
LLC                                    )
              Plaintiff,        )
                                   )
      vs.                             )    Case No.: 1:20-CV-1139    (Jury Demanded)
JAMIE WARMBIR; CHARLOTTE       )
WARMBIR; WARMBIR IT SOLUTIONS, LLC,   )
an Illinois limited liability company;       )
              Defendants.     )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES**

To:     Mr. Jeffrey Shelton
         18 Donna Drive
         Normal, IL 61761

      __X__ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

      *See Attachment A*

Place:    Bartell Powell LLP                 Date and Time:
          207 W. Jefferson Street, Suite 602
          Bloomington, IL 61701             06/11/2020 at 1:00 p.m.

      _____ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place:                                 Date and Time:

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     May 14, 2020

          CLERK OF COURT        OR

_____        _____
*Signature of Clerk or Deputy Clerk*         *Attorney Signature*

      The name, address, e-mail, and telephone number of the attorney representing (name of party) Mavidea Technology Group, LLC, who issues or requests this subpoena are:

Michael A. Powell, Bartell Powell LLP, 207 W. Jefferson St., Suite 602, Bloomington, IL 61701
E-mail: mpowell@bartellpowell.com; Telephone No.: (309) 807-5275

1

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

This subpoena for (name of individual and title, (if any) _____

was received by me on (date) _____

_____ I personally served the subpoena on the individual at (place) _____

_____ on (date) _____;  or

_____ I left the subpoena at the individual's residence or usual place of abode with (name) _____

_____, a person of suitable age and discretion who resides

there, on (date) _____; and mailed a copy to the individual's last known address; or

_____ I served the subpoena to (name of individual) _____

_____, who is designated by law to accept service of process on behalf of (name of organization) _____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because _____

_____; or

_____ Other (specify):

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information if true.

Date: _____          _____
                                                    Server's signature

                                                    _____
                                                    Printed name and title

                                                    _____
                                                    Server's address

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

3

## ATTACHMENT A

A.   Copies of any and all documents relating in any way to Mavidea Technology Group LLC, Warmbir IT Solutions, LLC, Jamie Warmbir, Charlotte Warmbir, or anyone on behalf of Warmbir IT Solutions, LLC or Jamie and Charlotte Warmbir, and Mavidea Technology Group, LLC including but not limited to the following:

   a.   All correspondence (including but not limited to e-mails, messaging services (such as LinkedIn or Facebook), texts, letters, reports and other forms of written or electronic communication), to, from and between you, your spouse and/or friends on your behalf, and Jamie Warmbir, Charlotte Warmbir or any other person on behalf of Warmbir IT Solutions, LLC from May 1, 2019 to the present.

   b.   All calendar settings for any calls or meetings of any kind between you or anyone on your behalf, with Jamie Warmbir, Charlotte Warmbir or any other person on behalf of Warmbir IT Solutions, LLC from May 1, 2019 to the present.

   c.   All executed contracts and copies of non-executed contracts or offered contracts of employment, whether directly with or as a consultant or independent contractor, Please produce all contracts, agreements, stock options, ownership interests, bonuses, bonus plans, profit sharing, promises or other similar documents you have ever reviewed or received from Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC.

   d.   All policy manuals, policies, procedures, directives, checklists, to-do lists, tests, training documents, guidelines, rules, regulations, procedure manuals and any similar documents to, from or between you, Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC, including any documents in your position from this list that is or was from Mavidea Technology Group, LLC.

   e.   All pay stubs, copies of checks, or other documents memorializing transactions of payments or funds (all proof of payment) between you or anyone on your behalf and Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC or its employees for work, materials, or services you provided for Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC from May 1, 2019 to the present.

   f.   All outlines, checklists, or other work and services tracking your work and services performed for Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC from May 1, 2019 to the present.

   g.   All non-redacted contracts, agreements, stock options, ownership interests, bonuses, bonus plans, profit sharing, promises or other similar documents, even if just proposal documents concerning any of the same, you have ever reviewed or received from Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC or any of its employees or independent contractors.

   h.   All reports, goals, strategies, press releases, newspaper articles, studies, projections, comparisons, surveys, analyses, memos, notes, directives, justifications or other similar documents concerning or referring to any IT

4

Services and businesses operated by Mavidea you have ever reviewed or received <u>that was ever requested of or from you by Jamie Warmbir, Charlotte Warmbir, or anyone on their behalf or on the behalf of Warmbir IT Solutions, LLC</u>, whether they were generated by Mavidea or one or more of the Defendants (Jamie Warmbir, Charlotte Warmbir, or anyone on behalf of Warmbir IT Solutions, LLC) or their consultants, agents, employees or anyone acting on their behalf.

i.  All contribution agreements, indemnity agreements, contracts, insurance agreements or any other documents pursuant to which Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC would indemnify you for any damages that Mavidea may recover by way of this lawsuit;

j.  All contribution agreements, indemnity agreements, contracts, insurance agreements or any other documents pursuant to which you, Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC will indemnify any clientelle or employees for any damages that the Plaintiff may recover by way of this lawsuit;

k.  Any and all documents you took from, received or have in your possession that are Warmbir IT Solutions, LLC documents, forms, or electronic media consisting of the following:

(1)  All editions of policy manuals, policies, procedures, directives, checklists, to-do lists, tests, training documents, guidelines, rules, regulations, procedure manuals and any similar documents regarding any position you have worked in for Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC;

(2)  All job descriptions, responsibilities, outlines of duties, checklists, goals, or other similar documents relating to any position with Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC that you have ever reviewed or received;

(3)  All editions of employee training materials received, reviewed or used by you that you have ever reviewed or received from Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC;

(4)  All editions of the handbooks, standards, rules, regulations, policies and procedures used by Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC regarding recruiting, interviewing, hiring, training, reviewing and evaluating individuals interviewing for employment with Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC that you ever reviewed or received;

(5)  All reports, goals, strategies, press releases, newspaper articles, studies, projections, comparisons, surveys, analyses, memos, notes, directives, justifications or other similar documents concerning or referring to any IT Services and businesses operated by Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC that you have ever reviewed or received; and

(6)  All organization charts, phone lists, routing lists, organizational lists, diagrams, flow charts or other similar documents you have ever

reviewed or received indicating the organization, hierarchy or structure of Warmbir IT Solutions, LLC.

l.      List by category and describe any records NOT furnished herein that are being requested.

This subpoena does not request nor does it require production of any records privileged by the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et seq.; the Illinois Alcoholism and Other Drug Abuse Dependency Act, 20 ILCS 301/1-1, et seq. 42 USC §290dd-2(a) and 42 C.F.R. Part 2 or any other records containing any reference to HIV or AIDS.

**THIS SUBPOENA IS FOR ALL RECORDS IN YOUR POSSESSION AND UNDER YOUR CONTROL REGARDLESS OF THE DATES REFLECTED IN THE RECORDS, DO NOT OMIT ANY RECORDS.**

**No person shall comply with a subpoena for mental health records or communications pursuant to Section 10 (740 ILCS 110/10) . . . unless the subpoena is accompanied by a written order that authorizes the issuance of the subpoena and the disclosure of records or communications.**