ATTACHMENT A

A. Copies of any and all documents relating in any way to Mavidea Technology Group LLC, Warmbir IT Solutions, LLC, Jamie Warmbir, Charlotte Warmbir, or anyone on behalf of Warmbir IT Solutions, LLC or Jamie and Charlotte Warmbir, and Mavidea Technology Group, LLC including but not limited to the following:

    a. All correspondence (including but not limited to e-mails, messaging services (such as LinkedIn or Facebook), texts, letters, reports and other forms of written or electronic communication), to, from and between you, your spouse and/or friends on your behalf, and Jamie Warmbir, Charlotte Warmbir or any other person on behalf of Warmbir IT Solutions, LLC from May 1, 2019 to the present.

    b. All calendar settings for any calls or meetings of any kind between you or anyone on your behalf, with Jamie Warmbir, Charlotte Warmbir or any other person on behalf of Warmbir IT Solutions, LLC from May I, 2019 to the present.

    c. All executed contracts and copies of non-executed contracts or offered contracts of employment, whether directly with or as a consultant or independent contractor, Please produce all contracts, agreements, stock options, ownership interests, bonuses, bonus plans, profit sharing, promises or other similar documents you have ever reviewed or received from Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC.

    d. All policy manuals, policies, procedures, directives, checklists, to-do lists, tests, training documents, guidelines, rules, regulations, procedure manuals and any similar documents to, from or between you, Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC, including any documents in your position from this list that is or was from Mavidea Technology Group, LLC.

    e. All pay stubs, copies of checks, or other documents memorializing transactions of payments or funds (all proof of payment) between you or anyone on your behalf and Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC or its employees for work, materials, or services you provided for Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC from May 1, 2019 to the present.

All outlines, checklists, or other work and services tracking your work and services performed for Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC from May 1, 2019 to the present.

    g. All non-redacted contracts, agreements, stock options, ownership interests, bonuses, bonus plans, profit sharing, promises or other similar documents, even if just proposal documents concerning any of the same, you have ever reviewed or received from Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC or any of its employees or independent contractors.

    h. All reports, goals, strategies, press releases, newspaper articles, studies, projections, comparisons, surveys, analyses, memos, notes, directives,

    justifications or other similar documents concerning or referring to any IT Services and businesses operated by Mavidea you have ever reviewed or received <u>that was ever requested of or from you by Jamie Warmbir, Charlotte Warmbir, or anyone on their behalf or on the behalf of Warmbir IT Solutions LLC</u>, whether they were generated by Mavidea or one or more of the Defendants (Jamie Warmbir, Charlotte Warmbir, or anyone on behalf of Warmbir IT Solutions, LLC) or their consultants, agents, employees or anyone acting on their behalf.

i. All contribution agreements, indemnity agreements, contracts, insurance agreements or any other documents pursuant to which Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC would indemnify you for any damages that Mavidea may recover by way of this lawsuit;

j. All contribution agreements, indemnity agreements, contracts, insurance agreements or any other documents pursuant to which you, Jamie Warmbir, Charlotte Warmbir and/or Warmbir IT Solutions, LLC will indemnify any clientelle or employees for any damages that the Plaintiff may recover by way of this lawsuit,$^c$-

k. Any and all documents you took from, received or have in your possession that are Warmbir IT Solutions, LLC documents, forms, or electronic media consisting of the following:

  (1) All editions of policy manuals, policies, procedures, directives, checklists, to-do lists, tests, training documents, guidelines, rules, regulations, procedure manuals and any similar documents regarding any position you have worked in for Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC;

  (2) All job descriptions, responsibilities, outlines of duties, checklists, goals, or other similar documents relating to any position with Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC that you have ever reviewed or received;

  (3) All editions of employee training materials received, reviewed or used by you that you have ever reviewed or received from Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC;

  (4) All editions of the handbooks, standards, rules, regulations, policies and procedures used by Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC regarding recruiting, interviewing, hiring, training, reviewing and evaluating individuals interviewing for employment with Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC that you ever reviewed or received;

  (5) All reports, goals, strategies, press releases, newspaper articles, studies, projections, comparisons, surveys, analyses, memos, notes,

    directives, justifications or other similar documents concerning or referring to any IT Services and businesses operated by Jamie Warmbir, Charlotte Warmbir, or Warmbir IT Solutions, LLC that you have ever reviewed or received; and

    (6)    All organization charts, phone lists, routing lists, organizational lists, diagrams, flow charts or other similar documents you have ever reviewed or received indicating the organization, hierarchy or structure of Warmbir IT Solutions, LLC.

    1.    List by category and describe any records NOT furnished herein that are being requested.

This subpoena does not request nor does it require production of any records privileged by the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et seq.; the Illinois Alcoholism and Other Drug Abuse Dependency Act, 20 ILCS 301/1-1, et seq. 42 USC {290dd-2(a) and 42 C.F.R. Part 2 or any other records containing any reference to HIV or AIDS.

**THIS SUBPOENA IS FOR ALL RECORDS IN YOUR POSSESSION AND UNDER YOUR CONTROL REGARDLESS OF THE DATES REFLECTED IN THE RECORDS DO NOT OMIT ANY RECORDS.**

No person shall comply with a subpoena for mental health records or communications pursuant to Section 10 (940 ILCS 110/10) . unless the subpoena is accompanied by a written order that authorizes the issuance of the subpoena and the disclosure of records or communications.

# JEFFREY SHELTON – SECOND AMENDED RESPONSE TO ATTACHMENT A

RE: Mavidea Technology Group, LLC vs. Jamie Warmbir, Charlotte Warmbir, Warmbir IT Solutions, LLC, an Illinois Limited Liability Company
Court No.: 1:20-CV-1139/Central District of Illinois, Peoria Division
File no.: BP-811001

**SECOND AMENDED RESPONSE:**

(a) (1) **E-mails:** All e-mails to, from, and between Responder and Jamie Warmbir, Charlotte Warmbir, or any other person on behalf of Warmbir IT Solutions, LLC, from May 1, 2019 to the present are contained in the accompanying Outlook Data File "Jeffrey.Shelton.Subp.051420.Response(a).pst" [*These documents were previously produced. They are not produced in conjunction with this Second Amended Response.*]

(2) **Messaging services (such as LinkedIn and Facebook):** Responder has no such documents in his possession or control. (See attachment #1)

(3) **Texts, letters, reports, and other forms of written communication:** Responder has no such documents in his possession or control.

(b) Responder has no such documents in his possession or control.

(c) Responder has no such documents in his possession or control.

(d) Responder has no such documents in his possession or control.

(e) Responder has no such documents in his possession or control.

(f) Responder has no such documents in his possession or control.

(g) Responder has no such documents in his possession or control.

(h) Responder has no such documents in his possession or control.

(i) Responder has no such documents in his possession or control.

(j) Responder has no such documents in his possession or control.

(k) (1) Responder has no such documents in his possession or control.

(2) Responder has no such documents in his possession or control.

(3) Responder has no such documents in his possession or control.

(4) Responder has no such documents in his possession or control.

(5) Responder has no such documents in his possession or control.

(6) Responder has no such documents in his possession or control.

(l) None.

ATTACHMENT 1

## JEFFREY R. SHELTON

18 Donna Drive<br>
Normal, Illinois 61761-4015<br>
(309) 824-8435<br>
jeffrey.r.shelton@gmail.com

RE: Mavidea Technology Group, LLC v Jamie Warmbir et al.
    Second Amended Subpoena Response Affirmation

I hereby affirm that I have not caused, or permitted by inaction, the destruction of any documents or content outlined in paragraph (a)(2) of this Second Amended Response at any time since the May 18, 2020, service of this Subpoena to Produce; nor—to the best of my knowledge and recollection—have I caused, or permitted by inaction, any such documents to be destroyed.

_____ 07/24/2020
Jeffrey R. Shelton

5